

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 14, 1951

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-1376.

Re: Number of employees of
the Board of Insurance
Commissioners for whom
travel expense funds are
made available by the
general appropriation
bill for attending a
meeting of the National
Association of Insurance
Dear Sir:                  Commissioners.

You have requested an opinion of this office relating to the number of employees of the Board of Insurance Commissioners for whom travel expense funds are made available for attending a meeting of the National Association of Insurance Commissioners.

Section 12(d) of the General Provisions of Article III, House Bill 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1436 (the general appropriation bill) provides in part:

". . . In no event shall more than three (3) persons <u>from any one (1) department</u> be approved for travel to any one (1) convention or meeting of a similar nature."

You state in your letter:

"It is the construction here among the three Commissioners that each of the Departments /Life, Fire, Casualty/ may send three persons to the National Association of Insurance Commissioners meeting, and that their expense accounts will

_____
1/ Emphasis added throughout.

properly be compensable under the
above quoted section of the Appro-
priation Act. The reason for the
construction is that under the pro-
visions of Article 1.04 of the 1951
Insurance Code the supervisory func-
tions of the three Insurance Commis-
sioners are specifically outlined and
separated to the extent that, except
when taking official action, the op-
erations are practically separated."

"In view of the premises, will
you please advise us whether each of
the three Commissioners may send
three persons from their respective
Departments to the meeting of the Na-
tional Association of Insurance Com-
missioners for the purposes above
outlined, and that the expense ac-
counts of the respective persons so
delegated are properly compensable
under the current Appropriation Bill."

Subsequent to the date of your request
we were officially advised that the Board would re-
quest travel authority from the Attorney General
for three men only to attend the National Associa-
tion of Insurance Commissioners meeting.

In determining whether the Legislature
considers the Board of Insurance Commissioners to be
the head of three departments or the head of one de-
partment with three divisions, it is necessary to
look to the statutory scheme which established the
Board.

Articles 1.01-.25 constitute Chapter One of
the Insurance Code (S.B. 236, Acts 52nd Leg., R.S.
1951, ch. 491, p. 868), which is titled "THE BOARD,
ITS POWERS AND DUTIES." An examination of these arti-
cles makes clear that the Legislature intended the
Board to be the head of one department with three di-
visions. Each division is to serve a different func-
tion, but in the final analysis the divisions are but
segments of the whole and not entities within them-
selves.

The following quoted portions from the articles establishing the Board and defining its powers and duties support this proposition:

Art. 1.04. Duties of the Commissioners

"Generally, the Life Insurance Commissioner shall have supervision of matters relating to life insurance, to the examination and to the chartering of companies, certificates of authority, and as to the solvency of persons and corporations engaged in the insurance business; The Fire Insurance Commissioner shall have general supervision of matters relating to fire and allied lines, marine and inland marine insurance; and the Casualty Insurance Commissioner shall have general supervision of matters relating to casualty, motor vehicle, workmen's compensation, fidelity, guaranty, title, and miscellaneous insurance. The Board shall nevertheless operate as a whole, and a majority vote of the members shall be necessary to official action."

Art. 1.10. Duties of the Board

"12. Report to Governor.--It shall report annually to the Governor the names and compensations of its clerks, the receipts and expenses of its department for the year, its official acts, the condition of companies doing business in this State, and such other information as will exhibit the affairs of said department."

Art. 1.16. Expenses of Examinations; Disposition of Sums Collected

"In case of an examination of a company not organized under the laws of Texas, whether such examination is made by the Texas authorities alone, or jointly with the insurance supervisory authorities of another state or states, the expenses of such examination due to Texas' participation therein, shall be borne by the company

under examination. Payment of such cost shall be made by the company upon presentation of itemized written statement by the Chairman, and shall consist of the examiners' remuneration and expenses, and the other expenses of the Department of Insurance properly allocable to the examination. . . ."

Art. 1.17. Appointment of Examiners and Assistants and Actuary by Chairman of Board of Insurance Commissioners; Salaries

". . . It is the purpose of this article and Articles 1.16 and 1.18 of this code to provide for the examination hereunder by the Chairman of the Board of Insurance Commissioners of all corporations, firms or persons engaged in the business of writing insurance of any kind in this State whether now subject to the supervision of the Insurance Department or not.

". . .

"Where the Chairman of the Board shall deem it advisable he may commission the actuary of the Board, the chief examiner, or any other examiner or employee of the Department, or any other person, to conduct or assist in the examination of any company not organized under the laws of Texas and allow them compensation as herein provided, . . ."

Art. 1.22. Free Access to Records

"To verify the correctness of records, the Board shall be entitled to free access to the Treasurer's records, required by the preceding article, and the Treasurer shall be entitled to free access to the books and other documents of the Insurance Department relating to securities held by the Board."

We think the above provisions amply justify our conclusion that the Legislature intended to establish a single insurance department with three divisions, not three separate departments.

The quoted portion of Section 12(d) of the appropriation bill, supra, does not attempt to alter, amend, or change any of the statutory duties of the Board. The attempt to make such a change by rider in a general appropriation bill would be invalid. Att'y Gen. Op. V-1254 (1951). However, the rider does not limit your authority to send as many persons as you deem necessary to the meeting if such attendance is in pursuance of statutory duties. The rider to the appropriation bill merely limits appropriated travel expense funds to three persons from one department to any one meeting. This is entirely proper in an appropriation bill. Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899). Accordingly, the expenses of only three persons may be paid from the appropriated funds, even though a greater number may attend the meeting.

The final question is to determine the meaning intended by the Legislature for the word "department" as used in the appropriation bill rider, limiting the number of persons for whom travel pay was appropriated.

The appropriation to the Board of Insurance Commissioners is found in Article III of the general appropriation bill. (H.B. 426, supra)

Section 1 of Article III provides:

"The several sums of money herein specified, or so much thereof as may be necessary, are hereby appropriated out of any funds in the State Treasury not otherwise appropriated, or out of special funds as indicated, for the support and maintenance of the executive and administrative departments and agencies of the State of Texas for the two-year period beginning September 1, 1951, and ending August 31, 1953."

Following the above will be found the appropriation to the Board of Insurance Commissioners, sub-headed Life Division (p. 1360); Casualty Insurance Division (p. 1366); and Fire Insurance Division (p. 1372).

Section 2(f) of the General Provisions of Article III requires the Auditor to certify to the Comptroller all departments that have failed to make a required report and provides for withholding the warrant of the head of the department. The rider then provides:

". . . Heads of departments as used herein shall be defined as elected and appointed officials, members of Commissions, Boards, etc., and/or the chief administrative officer of such Department, Board, Commission, Bureau or Agency for which appropriations are made herein."

We think the above provisions demonstrate that the word "department" was used to mean each of the various State agencies and departments which functions as an entity under its statutory powers. You are therefore advised that the Board of Insurance Commissioners, as the head of one department, has an appropriation for travel expense for not more than three persons going to any one convention or meeting of a similar nature, and we agree with the action of the Board in requesting travel authority for three men only to attend the meeting inquired about.

## SUMMARY

The practice thus far followed by the Board of Insurance Commissioners in not requesting travel approval for more than three persons to any one convention or meeting of a similar nature is correct. The Legislature in creating an Insurance Commission created a single department with three divisions rather than three separate departments, and the Board of Insurance Commissioners, as the head of one department, has appropriation for travel expense for not more than three persons going to any one convention

or meeting of a similar nature. Art.
1.01-1.25, Insurance Code, and H.B. 426,
Acts 52nd Leg., R.S. 1951, ch. 499, p.
1228.

APPROVED:                          Yours very truly

C. K. Richards                     PRICE DANIEL
Trial & Appellate Division         Attorney General

E. Jacobson
Reviewing Assistant

Charles D. Mathews                 By *E. Wayne Thode*
First Assistant                    E. Wayne Thode
                                        Assistant

EWT:wb